```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
 9                               AT TACOMA

10   JOHN GREYSTOKE,
                                              CASE NO. 3:17-CV-05345-BHS-DWC
11                    Plaintiff,
                                              REPORT AND RECOMMENDATION
12         v.
                                              Noting Date: August 4, 2017
13   WISS CORP, GREY DAVIS,

14                    Defendants.
```

  Plaintiff John Greystoke, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. The Court finds Plaintiff failed to comply with the Court's Order to Show Cause or Amend. Further, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court recommends the Complaint be dismissed without prejudice.

## BACKGROUND

  Plaintiff, who is housed at Clallam County Corrections Facility ("Corrections Facility"), alleges nuclear waste has been disposed of illegally in Clallam County. Dkt. 1. He requests an investigation to determine if there is nuclear waste from freightliners owned by the Iranian government buried in Clallam County or anywhere else in the world. *Id*.

## DISCUSSION

### I. Failure to Follow Court Order

On June 6, 2017, the Court screened the Complaint and found it was deficient. *See* Dkt. 16. The Court directed Plaintiff to file an amended complaint correcting the deficiencies by July 6, 2017. *Id.* The Court warned failure to file an amended complaint or adequately address the issues identified in the Order would result in the Court recommending dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. *Id.*

Plaintiff has failed to comply with the Court's Order. He has not attempted to file an amended complaint. While the Court notes the docket reflects Plaintiff attempted to file several documents and did file two statements, he did not file an amended Complaint. *See e.g.* Dkt. 17, 18. As Plaintiff has failed to appropriately respond to the Court's Order and prosecute this case, the Court recommends this case be dismissed.

### II. Failure to State a Claim

Additionally, the Court finds Plaintiff has failed to state a claim for which relief can be granted. Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, Plaintiff has failed to allege he suffered a violation of rights protected by the Constitution. Plaintiff states he thinks nuclear waste is being buried in Clallam County. *See* Dkt. 1. He does not provide any factual assertions which credibly support his allegations. He also does not allege he suffered an injury or allege his constitutional rights have been violated. Plaintiff appears to assert Defendant Davis allowed nuclear waste to be buried in the hills of California and sold Defendant Wiss Corporation a large area of natural forest in California. Plaintiff has failed to explain how either of the named Defendants have any connection to the Western District of Washington or Clallam County. Further, Plaintiff does not explain how he has knowledge of the allegations contained in the Complaint. After a review of the Complaint, the Court finds Plaintiff's vague, conclusory allegations are insufficient to a state a claim under §1983.

## CONCLUSION

The Court finds Plaintiff has failed to follow the Court's Order. Further, he has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the Complaint be dismissed without prejudice and all pending motions be denied as moot. The Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 4, 2017, as noted in the caption.

Dated this 14th day of July, 2017.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4